NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Steve Michael Loren,

       Plaintiff,

  v.

Morgan Stanley, et al.,

       Defendants.

CIVIL ACTION NO. 06-2132 (DRD)

**OPINION**

Appearances

Steve Michael Loren
46-28 218th Street
Bayside, New York 11361
    *Pro Se Plaintiff*

GREENBERG TRAURIG, LLP
J. Michael Riordan, Esq.
Kimberly E. Lunetta, Esq.
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
    *Attorneys for Defendant Morgan Stanley Trust FSB*

## *OPINION*

**DEBEVOISE, Senior District Judge**

    Plaintiff in this case is Steve Michael Loren ("Loren"). From March 1998 through October 2004 Loren was employed as a Representative in Defendant Morgan Stanley's Broker Services Department. Loren is suing Morgan Stanley for violation of the New Jersey Law Against Discrimination ("NJLAD"), breach of contract, breach of implied covenant of good faith

and fair dealing, intentional tort of personal injury, intentional infliction of emotional distress, tortious interference with economic advantage, and violation of Article I of the New Jersey Constitution.  On May 11, 2006, Morgan Stanley removed this matter from the Superior Court of New Jersey pursuant to 28 U.S.C. § 1441(a), citing diversity of citizenship and federal question jurisdiction.  Loren now moves to remand this matter because neither of these causes for removal exists.  For the following reasons, Loren's motion will be granted.

### FACTS/ PROCEDURAL HISTORY

On April 7, 2006, Loren filed a complaint against Morgan Stanley in the Superior Court of New Jersey.  In his original complaint, Loren alleged that Morgan Stanley and/or its agents committed acts of age discrimination and failed to reasonably accommodate Loren's disabilities in violation of N.J.S.A. 10:5-1 et seq. ("NJLAD") (First and Second Causes of Action).  Loren also alleged that Morgan Stanley and/or its agents: breached its contract with him by not treating him fairly and equitably, and failing to judge his performance on the basis of individual merit and ability (Third Cause of Action); breached the implied covenant of good faith and fair dealing by failing to cooperate and impeding Loren from performing all of the conditions of his employment agreement (Fourth Cause of Action); intentionally injured and inflicted emotional distress on Loren by causing him to be exposed to dangerous chemicals or compounds, which caused breathing problems, numbness in his extremities, and other injuries (Fifth and Sixth Causes of Action); acted in conjunction with an unnamed government agency to violate his federal right to due process (Seventh Cause of Action); fraudulently concealed its true intentions (Eighth Cause of Action); tortiously interfered with Loren's economic advantage by dismissing him after two

months of medical leave (Ninth Cause of Action); and violated Article I of the New Jersey Constitution by denying and limiting Loren's right to the means of acquiring property (Tenth Cause of Action).

On May 1, 2006, Loren Amended his complaint and withdrew the seventh and eighth causes of action. The Amended Complaint includes all of the claims contained in the original except the Bivens and fraud claims. At the end of the Amended Complaint, Loren includes a section entitled "Other Contemplated Claims" wherein he states the following:

> To the extent that discovery makes available information that may support other causes of action, the plaintiff hereby requests leave to amend the complaint to avail himself of his constitutional due process rights. Based on the preceding causes of action, plaintiff contemplates the possibility of bringing a [Conscientious Employee Protection Act] claim... a Bivens claim... a claim for fraudulent concealment, deceit and misrepresentation... [and a claim under the] Federal Tort Claims Act.

On May 11, 2006, Morgan Stanley removed this action to this Court "pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and pursuant to 28 U.S.C. § 1331 because Plaintiff's claim for violation of his Constitutional rights arises under federal law... ." Morgan Stanley did not include or reference the Amended Complaint in its Notice of Removal.

Loren filed opposition to the removal on May 19, 2006 and filed the instant Motion to Remand this matter to the Superior Court of New Jersey on June 14, 2006.

## DISCUSSION

Loren argues that the instant action should be remanded to the state court for three

reasons: (1) Morgan Stanley failed to include the Amended Complaint in its Notice of Removal, even though it was filed and served prior to removal; (2) this court lacks jurisdiction because there is no diversity of citizenship; and (3) the Amended Complaint contains no federal question. For the purposes of the instant motion, the Court need only address Loren's third argument as Morgan Stanley concedes in its opposition papers that there is no diversity of citizenship, and the procedural defect issue is moot where there is no federal question at the onset.

A. Standard for Motion to Remand

Pursuant to 28 U.S.C. § 1441(b) any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. Additionally, pursuant to 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. On a motion to remand, the defendant bears the burden of establishing jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

In its opposition to the instant motion, Morgan Stanley argues that the well-pleaded complaint rule as explained in Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) and its progeny,

provides a basis for federal question jurisdiction in the instant case.  The well-pleaded complaint rule holds that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."  Id.  "A defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004).  Although Morgan Stanley reasons that this rule provides some basis for federal question jurisdiction in the instant matter, this pattern of reasoning is flawed.  To the contrary, the well-pleaded complaint rule prohibits this court from exercising federal question jurisdiction in the instant matter.

In the instant action it is clear that no federal question exists.  Loren has removed the Bivens claim contained in the original complaint.  His inclusion of this claim and a claim under the Federal Tort Claims Act in his "Other Contemplated Claims" section does not satisfy this requirement.  If Loren were to assert this claim at some point in the future, then cause for removal would exist.  However, this Court does not possess federal question jurisdiction merely because Loren is "contemplating" its assertion.  In reading Loren's Amended Complaint, it is abundantly clear that this case arises under state law and not federal law.  Loren clearly distinguishes between "Causes of Action" and "Other Contemplated Claims."   He clearly explains that his sole intention in listing these "contemplated claims" is to reserve his right to amend the complaint should discovery provide a supporting factual basis for these claims in the future.  If and when that happens, federal question jurisdiction may be present.

It has been long held that anticipating a federal defense in a suit asserting a non-federal claim is in barred by the well-pleaded complaint rule.  See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  In Wiener v. Wampanoag Aquinnah Shellfish Hatchery Corp., 223 F.Supp.2d 346, 348 (D.Mass.2002), the Court addressed a similar issue of whether the federal court was the proper forum to resolve the parties' dispute when the questions of federal law were anticipated in the complaint but not put in issue directly until raised by the defense and counterclaim.  That case concerned an action brought against a Native American tribe in state court for injunctive and declaratory relief.  The Court held that anticipation of federal claims in the tribe's answer and counterclaims did not present a "well-pleaded complaint," as required to confer federal jurisdiction over claim and permit removal, since vindication of the tribe's rights under state law did not necessarily turn on construction of federal law.  Id.  The instant matter is somewhat similar to this line of cases in that it is clear that mere contemplation or anticipation of a federal claim is not analogous to the assertion of that claim.  Where a party to an otherwise purely state matter merely contemplates asserting a federal claim, this Court does not possess federal question jurisdiction.  This case will be remanded on that basis.

B.  Attorneys Fees

Loren additionally asks the Court to award attorneys fees for Morgan Stanley's improper removal of this action.  While the Court is authorized to do so in its discretion, this situation does not warrant an award.  Loren is representing himself Pro Se, and has incurred no "attorneys fees" from the removal of this matter.  Furthermore, it appears that Morgan Stanley, or at least its attorneys, were unaware that an Amended Complaint had been filed at the time of removal.

Counsel for Morgan Stanley sent the Amended Complaint to the Court on May 17, 2006, as soon as they became aware of its existence.  The Court therefore finds no basis for the awarding of attorneys fees in connection with this matter.

## *CONCLUSION*

For the reasons set forth above, Loren's motion to remand this matter to the Superior Court of New Jersey will be granted.  Loren's request that Defendant Morgan Stanley be ordered to pay Loren's attorneys fees and costs in connection with this matter will be denied.

  /s/ Dickinson R. Debevoise  
Dickinson R. Debevoise, U.S.S.D.J.

July 17, 2006